UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRBIS M.,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-02092-TLN-EFB<br><br>FINDINGS AND RECOMMENDATIONS (ECF No. 24) |

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The court entered judgment in favor of petitioner and pending before the court is petitioner's motion to enforce judgment, which was referred to the undersigned pursuant to Local Rule 302(c)(17). ECF No. 25. For the reasons set forth below, the undersigned recommends the motion be denied.

**BACKGROUND**

The court has previously described the factual allegations and procedural history in this case. ECF Nos. 18, 21. In its September 9, 2026 order granting the amended petition for writ of habeas corpus, the court enjoined respondent from detaining petitioner

> while subject to 8 U.S.C. § 1226, for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a a bond hearing before a neutral factfinder at which the government bears the burden to establish by clear and convincing evidence that Petitioner's detention is justified due to danger to the public or flight risk. The factfinder must consider

> Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

ECF No. 21 at 2. A bond hearing occurred on September 15, 2026. ECF Nos. 23, 24, 29. On September 28, 2026, petitioner filed the instant motion to enforce judgment, asserting that the September 15, 2026 bond hearing did not comply with the requirements in the court's September 9, 2026 order. ECF No. 24. The motion was referred to the undersigned, on October 15, 2026, ECF No. 25, and on October 21, 2026, respondent filed an opposition to the motion, as well as an audio recording of the bond hearing. ECF Nos. 28, 29. Petitioner filed a reply on October 22, 2026. ECF No. 31.

## LEGAL STANDARD

Federal courts have inherent authority to enforce their own orders, including those granting injunctive relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. C 17-5948 SBA, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)). If petitioner has received all relief required by the court's prior judgment, the motion to enforce should be denied, but if petitioner demonstrates that respondent "has not complied with a judgment entered against it, even if the noncompliance was due to misinterpretation of the judgment," the motion shall be granted. *Heartland Hosp.*, 328 F. Supp. 2d at 11. The movant bears the burden to show by clear and convincing evidence that the enjoined party violated a "specific and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

As constitutional challenges to immigration judges' detention determinations present mixed questions of fact and law, the appropriate standard of review is abuse of discretion. *Martinez v. Clark*, 124 F.4th 775, 783-84 (9th Cir. 2024). Abuse of discretion is shown where the immigration judge's decision "reflects clear legal error or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19,

2020). Purely legal questions are reviewed de novo. *See Singh v. Holder*, 638 F.3d 1196, 1202-03 (9th Cir. 2011).

**DISCUSSION**

Petitioner argues that respondent failed to comply with the two provisions of the court's September 9, 2026 order, first, by holding the hearing despite petitioner's requests for additional time to prepare and, second, by failing to meaningfully consider alternatives to detention. ECF No. 24 at 6-8; ECF No. 31 at 3-8. Upon review of the record, the undersigned finds that petitioner has not shown that respondent violated the court's order and recommends the motion be denied.

**A. Denial of Petitioner's Request for Additional Time**

Petitioner first argues that the immigration judge failed to give petitioner an extension of time for the bond hearing, in order to allow petitioner to obtain documents in support of his request for release on bond, in contravention of the court's order that a bond hearing be held within seven days from the date of the order "unless Petitioner seeks additional time to prepare." ECF No. 21 at 2; *see* ECF No. 31 at 3-6. Review of the recording of the bond hearing, however, belies petitioner's characterization of it. At the outset of the hearing, the immigration judge asked petitioner if he wished to proceed that day, or for the bond hearing to be scheduled for a later date; petitioner replied that he would like to proceed. ECF No. 29 at 1:47. Petitioner then explained that ICE agents had seized from him documents relevant to his immigration case, and he had endeavored for five months to have them returned, to no avail. *Id.* at 1:47- 4:39. The immigration judge asked if petitioner had any way to obtain copies of the lost documents and petitioner said he did not, as ICE agents had seized his phone, as well. *Id.* at 4:05-4:29. The immigration judge then asked if petitioner could obtain any of the documents he wished to submit if he was granted "a short extension of time" until the following Monday, *id.* at 5:00-5:59, which was six days in the future.[1] Petitioner replied that this that would not be enough time for him to obtain documents, "so I guess go ahead and proceed." *Id.* at 6:00-6:08.

[1] The court takes judicial notice of the 2026 calendar and that September 15, 2026 was a Tuesday. Fed. R. Civ. Proc. 201(b)(2).

On the whole, the record does not demonstrate that respondent violated the court's order to hold a bond hearing within seven days "unless Petitioner seeks additional time to prepare." ECF No. 21 at 2. Petitioner repeatedly stated that he wished to proceed with a bond hearing that day, both before and after his discussion describing his missing documents. Although petitioner stated that a six-day continuance would not be enough time for him to obtain the documents he wanted to submit, that comment occurred after petitioner had explained that he had no way to obtain the documents he wished to submit; did not know how or when he could obtain them, if ever; and had unsuccessfully endeavored to obtain them in the previous five months. In other words, petitioner's statements to the immigration court suggests that he believed any delay in the bond hearing would be futile, as a continuance would not enable him to effectuate obtaining the documents he thought relevant, and he expressly stated that, in light of that, he wished to proceed with the bond hearing that day. Given the totality of these statements, respondent did not violate the district court's order to hold a bond hearing within seven days "unless Petitioner seeks additional time to prepare."

**B. Failure to Consider Alternatives to Detention**

Petitioner also fails to show that the immigration judge violated the court's order, insofar as the court had directed that, at the bond hearing, "the factfinder must consider . . . alternative conditions of release." ECF No. 21 at 2; *see* ECF No. 24 at 6-8; ECF No. 31 at 7-8. Petitioner argues that the immigration judge's written decision failed to address alternatives to detention in any depth, ECF No. 24 at 7-8, and, at the hearing, the immigration judge failed to address alternative conditions of release at all. ECF No. 31 at 7-8. On the latter point, the record contradicts petitioner's characterization of it: at the hearing, the immigration judge inquired of petitioner various facts relevant to his possibility of flight and, ultimately, entered a finding that because petitioner has no permanent address, because he had violated court-ordered probation in criminal cases, and because his application for relief had been denied and was on appeal with the BIA, petitioner was unlikely to abide by any supervision terms if granted bond. ECF No. 29 at 21:40-29:00.

////

Petitioner similarly fails to show that the immigration judge's written decision violated the court's order that alternatives to detention be considered. In the written decision, the immigration judge found:

> [Petitioner's] lack of family and community ties to the United States, lack of proposed sponsor, lack of fixed address, and application for relief do not sufficiently mitigate [Petitioner's] risk of flight. Matter of C-M-M-, 29 I&N Dec. 141, 143 (BIA 2025).
> The Court concludes that "no monetary bond, even if coupled with alternatives to detention, would be sufficient" to ensure [Petitioner's] appearance at future immigration hearings and, if necessary, surrender for removal from this country. Matter of Akhmedov, 29 I&N Dec. 166, 168 (BIA 2025).

ECF No. 23 at 4. Petitioner argues that this finding is inadequate, because it is "not accompanied by an individualized analysis of available alternatives." ECF No. 24 at 7. The September 9, 2026 order from this court, however, did not order the factfinder to set out in detail any such particularized findings, but simply that he or she must "consider" alternative conditions of release. Both the immigration judge's written decision and his oral findings at the bond hearing demonstrate compliance with this provision of the order. Accordingly, petitioner fails to show that respondent violated this portion of the court's order.

In his reply brief, petitioner argues that respondent's responsibility for petitioner's lost documents and the immigration judge's refusal to grant a continuance to enable petitioner to obtain the lost documents rendered invalid the immigration judge's inquiry into alternatives to detention. ECF No. 31 at 8. This argument is unpersuasive. As described *ante*, petitioner's lack of access to personal documents at the bond hearing appears, from the record, unrelated to the timing of the bond hearing. Moreover, the facts on which the immigration judge relied when finding alternatives to detention inadequate were uncontested by petitioner. Petitioner did not dispute that he had violated conditions of probation in multiple criminal cases, and it was petitioner who supplied in his testimony the facts of his lack of permanent address and of the denial of his application for relief from removal. *See* ECF No. 29 at 18:00-24:55. In this proceeding, petitioner fails to identify the additional facts that he could have presented on the issue of alternatives to detention, which would impugn the uncontested facts on which the immigration judge did rely, or on the conclusion the immigration judge reached concerning

petitioner's bond-worthiness. Given this record, petitioner fails to show that respondent constructively violated the court's order that the factfinder at the bond hearing consider alternatives to detention.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to enforce the judgment (ECF No. 24) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE